**UNITED STATES of America,**
**Appellee,**

v.

**Derrick DIXON, Defendant**

Timothy Thomas, Defendant—
Appellant.

No. 03–1047.

United States Court of Appeals,
Second Circuit.

Oct. 28, 2003.

Elan Gerstmann (Robert J. Krakow, on the brief), New York, NY, for Appellant.

David P. Burns, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, Meir Feder, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present: WALKER, Chief Judge,
JACOBS, and WESLEY, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED** and defendant's application for bail is **DENIED.**

Defendant-appellant Timothy Thomas appeals from a judgment of conviction, entered January 17, 2003, following a jury trial, for conspiracy to traffic in firearms without a license in violation of 18 U.S.C. § 371 and 18 U.S.C. § 922(a)(1)(A). United States District Court for the Southern District of New York (Allen G. Schwartz, *District Judge*) sentenced defendant principally to a term of 21 months' imprisonment. Defendant has also filed a motion for bail pending appeal. We affirm the district court's judgment of conviction and deny defendant's bail application.

Defendant argues that the district court abused its discretion by improperly substituting an alternate juror for a sick juror after the start of the jury's deliberations, and by failing to properly instruct the jury that it was required to start deliberations anew after seating the alternate juror. Neither argument has merit.

When a juror becomes unavailable after the start of deliberation, the trial court has various options for proceeding to verdict. First, the court "may permit a jury of 11 persons to return a verdict, even without a stipulation by the parties, if the court finds good cause to excuse a juror." Fed. R.Crim.P. 23(b)(3). Alternatively, pursuant to Rule 24, the court "may retain alternate jurors after the jury retires to deliberate," and may replace a juror who becomes unable to deliberate. Fed. R.Crim.P. 24(c)(3). "If an alternate replaces a juror after deliberations have begun, the court must instruct the jury to begin its deliberations anew." *Id.* A trial judge's decision to dismiss a juror after jury deliberations have begun and proceed to verdict is reviewed for abuse of discretion, *see United States v. Gibson,* 135 F.3d 257, 259 (2d Cir.1998) (dismissal of ill juror and deliberation by 11 jurors under Rule 23(b) reviewed for abuse of discretion), as is the trial judge's determination of "[w]hether and to what extent a juror should be questioned regarding the circumstances of a need to be excused," *United States v. Reese,* 33 F.3d 166, 173 (2d Cir.1994).

We conclude that the district court acted well within its discretion when it dismissed juror number one, who had become ill on the second day of deliberations, and re-

458

placed her with alternate juror number two. To the extent that defendant argues that Rule 24(c) is unconstitutional in that it allows substitution of alternates after deliberation has commenced, defendant forfeited this argument by failing to raise it in the district court.

Defendant also argues that the district judge failed to adequately instruct the jury that it was required to begin deliberations anew after the substitution of alternate juror number two for juror number one. Defendant failed to raise this objection at trial and hence we review the district court's instructions for plain error. *See* Fed.R.Crim.P. 52(b). We find no error.

We have considered defendant's other arguments and find them to be without merit.

Defendant filed a motion requesting bail pending appeal pursuant to 18 U.S.C. § 3143(b)(1). In light of the disposition of defendant's appeal, we deny his bail application as moot.

For the reasons stated herein, the district court's judgment is **AFFIRMED** and defendant's bail application is **DENIED**.